**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 1 3 2024

Kevin P. Weimer, Clerk
By: ⁓ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| ALEXEY CHUBAROV, LEV SOLYANNIKOV, AND KSK GROUP | No. **1:24-CR-0053** |

THE GRAND JURY CHARGES THAT:

### Count One
### Conspiracy to Conduct an Unlicensed Money Transmitting Business

1. Beginning on a date unknown, but at least by in or about July 2019, and continuing through in or about April 2023, in the Northern District of Georgia and elsewhere, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, did knowingly and willfully conspire, combine, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, the operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

### Background

2. Defendant KSK GROUP was a business consulting firm located at 68/18 Zemlyanoy Val St., Building 3, Moscow, 109004.

3. Defendant CHUBAROV was an employee of defendant KSK GROUP and a claimed expert on international structuring.

4. Defendant SOLYANNIKOV was an employee of defendant KSK GROUP.

5. Feliks Medvedev was a Russian citizen living in Buford, Georgia.

6. Money transmitting businesses are required by federal law to register with the Secretary of the Treasury of the United States unless specifically exempted by law.

7. In the large majority of states, including the State of Georgia, a money transmitting license is required to conduct such a business.  Operating a money transmitting business without a license is a crime under Georgia law, O.C.G.A. §§ 7-1-680 and 7-1-681.  Operating a money transmitting business without a license in a state requiring such a license is punishable as a felony under Title 18, United States Code, Section 1960.

### Manner and Means

8. In furtherance of the conspiracy and to accomplish its objectives, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, along with Medvedev, and others known and unknown to the Grand Jury, used the following manner and means:

9. Medvedev was the registered agent for eight companies that were registered with the Georgia Secretary of State as follows:

| Date Registered | Company | Principle Office Address | Registered Business Purpose |
|---|---|---|---|
| 7/16/19 | Dashingstar Pte Ltd | 11 Buford Village Way, Ste 123, Buford, GA | Any legal purpose |
| 7/16/19 | KSK International Inc | 11 Buford Village Way, Ste 123, Buford, GA | Professional equipment |
| 9/26/19 | ASR-Asia Co. Limited | 11 Buford Village Way, Ste 123, Buford, GA | Coal/mineral wholesaler |
| 11/11/19 | Mablestine Inc. | 11 Buford Village Way, Ste 123, Buford, GA | Nondurable Goods wholesaler |
| 11/18/19 | Elnox Trading Pte Ltd | 11 Buford Village Way, Ste 123, Buford, GA | Electronic Shopping |
| 11/29/19 | Albequipment Trading Pte Ltd | 11 Buford Village Way, Ste 123, Buford, GA | Computer/software wholesaler |
| 7/29/20 | Wedex Trade LLC | 11 Buford Village Way, Ste 123, Buford, GA | Electronic shopping |
| 7/29/20 | Topcompix Pte Ltd | 2700 Braselton Highway, Suite 10-362, Dacula, GA | Computer software wholesaler |

10. Medvedev, in consultation with defendants CHUBAROV and SOLYANNIKOV, opened bank accounts for each of these companies and was the signatory on these accounts. These companies did not have expenditures for payroll, rent, warehousing space, equipment, import/export fees, fuel, shipping costs, or other typical business expenses. They also did not have employees.

11. Medvedev provided defendants CHUBAROV and SOLYANNIKOV access to the bank accounts.

12. There were over 1,200 transfers totaling over $150 million into the bank accounts controlled by Medvedev for these companies. Over $150 million was then transferred out of these accounts in over 1,300 transactions. Defendants CHUBAROV and SOLYANNIKOV and Medvedev performed the transfers.

3

**Overt Acts**

13. In furtherance of the conspiracy, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, along with Medvedev and others known and unknown to the Grand Jury, committed, and caused to be committed, at least one of the following overt acts:

14. Medvedev registered Dashingstar Pte Ltd with the Georgia Secretary of State on or about July 16, 2019.

15. Medvedev registered KSK International Inc. with the Georgia Secretary of State on or about July 16, 2019.

16. Medvedev registered ASR-Asia Co. Limited with the Georgia Secretary of State on or about September 26, 2019.

17. Medvedev registered Mablestine Inc. with the Georgia Secretary of State on or about November 11, 2019.

18. Medvedev registered Elnox Trading Pte Ltd with the Georgia Secretary of State on or about November 18, 2019.

19. Medvedev registered Albequipment Trading Pte Ltd with the Georgia Secretary of State on or about November 20, 2019.

20. On or about February 4, 2020, defendant SOLYANNIKOV directed Medvedev to make two transfers from Mablestine, one for $130,000 and one for $210,017. Those payments were made from Mablestine's account, although the second was reversed.

4

21. On or about February 28, 2020, defendant SOLYANNIKOV informed Medvedev that the ASR-Asia account had received two incoming payments, $5,063,227.05 and $2,882,056.10, and that a third payment of $6,158,443 was expected that same day.  Defendant SOLYANNIKOV also stated that two $500,000 payments were made to Premcoal Baltic OU.  Those payments were made from ASR-Asia's account.

22. On or about February 28, 2020, defendant SOLYANNIKOV stated that ASR-Asia needed to make a $2,060,000 payment to Premcoal Baltic OU. Medvedev stated that he would make the transfer.  That payment was made on the same day.

23. On or about March 5, 2020, in a message chain including defendant CHUBAROV, defendant SOLYANNIKOV told Medvedev that ASR-Asia needed to make a $3,000,000 payment to Premcoal Baltic OU.  Medvedev stated that he would make the transfer.  That payment was made on the same day.

24. On or about March 6, 2020, in a message chain including defendant CHUBAROV, defendant SOLYANNIKOV told Medvedev that Mablestine needed to make a $15,000 payment to Auto Shanghai Co.  Medvedev stated that he understood.  That payment was made on the same day.

25. On or about March 11, 2020, in a message chain including defendant CHUBAROV, defendant SOLYANNIKOV told Medvedev that ASR-Asia needed to make a $3,158,000 payment to Premcoal Baltic OU.  Medvedev stated that he would send it.  That payment was made on the same day.

26. On or about March 16, 2020, in a message chain including defendant CHUBAROV, defendant SOLYANNIKOV told Medvedev that Mablestine needed to make a $281,252 payment to Juodavalkyssen Co., Limited. Medvedev stated that he understood. That payment was made on the same day.

27. On or about April 9, 2020, defendant CHUBAROV directed Medvedev to make a $250,000 transfer to I.C.

28. Medvedev registered Wedex Trade LLC with the Georgia Secretary of State on or about July 29, 2020.

29. Medvedev registered Topcompix Pte Ltd with the Georgia Secretary of State on or about July 29, 2020.

30. On or about October 9, 2020, in a message chain including defendant CHUBAROV, defendant SOLYANNIKOV told Medvedev to make four payments:

    a. A $1,226,021 payment from Mablestine to Singapore Precious Metals Exchange. That payment was made on the same day.

    b. A $822,250 payment from Albequipment Trading Pte to Singapore Precious Metals Exchange. That payment was made on the same day.

    c. A $145,741.06 payment from Elnox Trading Pte to Plywood Baltic Trade OU. That payment was made on the same day.

    d. A $1,719,530 payment from Elnox Trading Pte to Stenn Assets UK Ltd. That payment was made on the same day.

31. On or about December 29, 2020, Bank of America sought to confirm two transactions with Medvedev. Medvedev messaged with defendant SOLYANNIKOV, who provided the payment information for the two transactions, one from KSK International to Gredstone Pte in the amount of $56,500 and one from Dashingstar to Topcompix Pte in the amount of $223,550.

32. On or about March 22, 2022, defendant SOLYANNIKOV provided wire transfer information to Medvedev for two transfers. The first was from Elnox Trading Pte to ADK Trade Group in the amount of $119,850. The second was from Mablestine to Nadelhorn Inc., in the amount of $49,250.

33. On or about March 24, 2022, Medvedev was directed to transfer $690,900 from Elnox Trading Pte to Singapore Precious Metals Exchange for the purchase of gold bullion. That transfer was confirmed by the Singapore Precious Metals Exchange on or about March 27, 2022.

34. On or about June 21, 2022, defendant SOLYANNIKOV reported to Medvedev that they transferred $505,819.03 from Mablestine to the Singapore Precious Metals Exchange.

35. In or about March 2023, Medvedev and others communicated about a fraud inquiry by their bank related to money transfers.

All in violation of Title 18, United States Code, Section 371.

## Count Two
### Conducting an Unlicensed Money Transmitting Business

36. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 35 of this Indictment as if the same were fully set forth herein.

37. Beginning on a date unknown, but at least by in or about July 2019 and continuing until in or about April 2023, in the Northern District of Georgia and elsewhere, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, aided and abetted by each other and others known and unknown to the Grand Jury did knowingly conduct, control, manage, supervise, direct, and own an unlicensed money transmitting business in that the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, and others known and unknown to the Grand Jury did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, which transferred funds on behalf of the public by means including wire transfers to locations within the United States and to locations abroad, which affected interstate and foreign commerce, in a manner and a degree, and which (a) was operated without an appropriate money transmitting license in a State, to wit, Georgia, where such operation is punishable as a misdemeanor and a felony under State law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and regulations prescribed under such section.

All in violation of Title 18, United States Code, Section 1960 and Section 2.

## Count Three
## Conspiracy to Commit Money Laundering

38. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 35 of this Indictment as if the same were fully set forth herein.

39. Beginning on a date unknown, but at least by in or about July 2019 and continuing until in or about April 2023, in the Northern District of Georgia and elsewhere, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, did knowingly combine, conspire, agree, and have a tacit understanding with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

a. to knowingly transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, all in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b. to knowingly engage and attempt to engage in monetary transactions

by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, all in violation of Title 18, United States Code, Section 1957.

40. It was part of the conspiracy that defendants CHUBAROV, SOLYANNIKOV, and KSK GROUP and others known and unknown to the Grand Jury used funds from Medvedev's companies' bank accounts to purchase gold bullion.

41. The purchase of gold bullion was done in two ways.  First, money was transferred directly from the bank accounts to the Singapore Precious Metals Exchange.  Second, money was transferred to the Scottsdale Mint, in Arizona, which then transferred money to the Singapore Precious Metals Exchange.

42. The Singapore Precious Metals Exchange is located at Le Freeport Singapore, where it has a secure facility to hold physical gold.

43. Once the Singapore Precious Metals Exchange received the funds, it credited the purchaser's trading account with gold bullion.

44. Defendants CHUBAROV, SOLYANNIKOV, and KSK GROUP and others known and unknown to the Grand Jury also rented safe deposit boxes from Auruma Global Limited, a company that maintained secure safe deposit boxes to

hold gold bullion for customers of the Singapore Precious Metals Exchange. The customers then transferred the bullion from the Singapore Precious Metals Exchange to the safe deposit boxes at Auruma Global Limited. The gold could be stored in the safe deposit boxes, transferred to other boxes, or transferred into Singapore Precious Metals Exchange trading accounts.

45. All told, Medvedev's companies transmitted at least $65 million to purchase gold bullion from the Singapore Precious Metals Exchange.

All in violation of Title 18, United States Code, Section 1956(h).

### Counts Four through Twenty-Two
### Money Laundering
### (International Laundering of Monetary Instruments)

46. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 35 and 40 through 45 of this Indictment as if the same were fully set forth herein.

47. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transport, transmit, and transfer and attempt to transport, transmit, and transfer and cause to be transported, transmitted, and transferred monetary instruments and funds, that is, the transactions set forth below, from a place in the United States, that is, the Northern District of Georgia and elsewhere, to and through a place outside the

United States, that is, Singapore, with the intent to promote the carrying on of a
specified unlawful activity, that is, conducting, controlling, managing,
supervising, directing, and owning an unlicensed money transmitting business
in violation of Title 18, United States Code, Section 1960, punishable under the
laws of the United States:

|  | Date | Transaction | Amount |
|---|---|---|---|
| **Count 4** | 4/3/2020 | International wire from JPMorgan Chase & Co. (JPMC) account No. ***8226 to United Overseas Bank Ltd. Singapore | $376,220.00 |
| **Count 5** | 5/22/2020 | International wire from JPMC account No. ***8226 to United Overseas Bank Ltd. Singapore | $954,020.00 |
| **Count 6** | 6/22/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $447,000.00 |
| **Count 7** | 7/28/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $201,925.00 |
| **Count 8** | 7/29/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $469,924.78 |
| **Count 9** | 8/7/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $500,000.00 |
| **Count 10** | 9/14/2020 | International wire from JPMC account No. ***8226 to United Overseas Bank Ltd. Singapore | $500,000.00 |
| **Count 11** | 10/9/2020 | International wire from Truist Bank f/k/a BB&T (Truist) account No. ***0592 to United Overseas Bank Ltd. Singapore | $1,226,021.00 |

| | Date | Transaction | Amount |
|---|---|---|---|
| **Count 12** | 12/4/2020 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $776,434.40 |
| **Count 13** | 2/2/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $200,000.00 |
| **Count 14** | 3/9/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $867,971.30 |
| **Count 15** | 4/21/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $516,700.00 |
| **Count 16** | 5/26/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $776,962.00 |
| **Count 17** | 6/25/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $750,000.00 |
| **Count 18** | 7/19/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $896,994.00 |
| **Count 19** | 8/31/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $698,602.80 |
| **Count 20** | 9/30/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $500,000.00 |
| **Count 21** | 10/29/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $559,388.72 |
| **Count 22** | 1/11/2022 | International wire from PNC Bank account No. ***6771 to United Overseas Bank Ltd. Singapore | $227,517.30 |

All in violation of Title 18, United States Code, Section 1956(a)(2)(A) and Section 2.

13

## Counts Twenty-Three through Forty-One
## Money Laundering
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

48. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 35 and 40 through 45 of this Indictment as if the same were fully set forth herein.

49. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the monetary transactions set forth below by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the wire transfer of funds, such property having been derived from a specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960:

|  | Date | Transaction | Amount |
|---|---|---|---|
| **Count 23** | 11/6/2020 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $699,496.88 |
| **Count 24** | 12/1/2020 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $635,906.26 |
| **Count 25** | 3/4/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $947,463.00 |

|  | Date | Transaction | Amount |
|---|---|---|---|
| **Count 26** | 4/21/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $692,130.36 |
| **Count 27** | 5/20/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $682,819.09 |
| **Count 28** | 5/26/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $593,259.78 |
| **Count 29** | 6/9/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $645,619.68 |
| **Count 30** | 6/23/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $605,421.65 |
| **Count 31** | 6/30/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $708,696.72 |
| **Count 32** | 7/13/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $724,998.11 |
| **Count 33** | 7/22/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $625,795.59 |
| **Count 34** | 8/6/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $746,078.13 |
| **Count 35** | 8/24/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $678,780.80 |
| **Count 36** | 9/16/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $606,202.69 |
| **Count 37** | 9/30/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $657,269.71 |

15

| | Date | Transaction | Amount |
|---|---|---|---|
| **Count 38** | 10/18/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $593,838.68 |
| **Count 39** | 11/3/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $573,948.60 |
| **Count 40** | 11/19/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $2,394,000.00 |
| **Count 41** | 2/25/2022 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $666,828.75 |

All in violation of 18, United States Code, Section 1957 and Section 2.

## Forfeiture

50. Upon conviction of one or more of the offenses alleged in Counts One through Forty-One of this Indictment, the defendants, ALEXEY CHUBAROV, LEV SOLYANNIKOV, and KSK GROUP, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to, the following:

    a.  MONEY JUDGMENT: A sum of money in United States currency, representing the amount of property obtained as a result of the offenses alleged in Counts One through Forty-One of this Indictment.

51. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

16

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided
    without difficulty;

the United States of America intends, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1),

to seek forfeiture of any other property of said defendants up to the value of the

forfeitable property.

A _____ True _____ BILL

FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

CHRISTOPHER J. HUBER
*Assistant United States Attorney*
Georgia Bar No. 545627

NORMAN L. BARNETT
*Assistant United States Attorney*
Georgia Bar No. 153292

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

17